UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:  PACIFICA PARK<br>APARTMENTS, LLC.<br><br>Debtor.<br>_____<br>PACIFICA PARK APARTMENTS,<br>LLC.,<br><br>Appellant,<br><br>v.<br><br>U.S. BANK NATIONAL<br>ASSOCIATION,<br><br>Appellee. | DISTRICT COURT CASE<br>NO. CIV-F-13-0164 AWI<br><br>BANKRUPTCY COURT CASE<br>NO. 12-60039-B-11<br><br>ORDER DENYING MOTION FOR STAY |

**I. History**

Appellant Pacifica Park Apartments filed a Chapter 11 bankruptcy on December 6, 2012. As part of the filing, Appellant listed as an asset an interest in the Citrus Plaza Shopping Center in Exeter, CA ("Property").  Appellee U.S. Bank National Association is a secured creditor who also has an interest in the Property.  Appellee made a motion for relief from the automatic stay lifted to allow foreclosure on the Property. Bankr. Case, Doc. 21.  Appellant made a motion for authority to use cash collateral. Bankr. Case, Doc. 9.  Bankruptcy Judge Richard Lee heard both motions, denying Appellant's motion and granting Appellee's motion. Bankr. Case, Docs. 59 and 61. On January 31, 2012, the entire bankruptcy was dismissed. Bankr. Case, Doc. 69.  Later that

same day, Appellant filed this appeal, seeking review of the two specific, limited decisions (relief from automatic stay and cash collateral). Bankr. Case, Doc. 71.  Appellant has not appealed the dismissal of the bankruptcy case.  Appellant then made a motion to stay the relief from automatic stay pending appeal. Bankr. Case, Doc. 82.  Judge Lee denied the motion. Bankr. Case, Doc. 89.

Appellant now makes a motion to stay in district court. Doc. 3.  Appellee opposes the motion. Doc. 6.

## II. Legal Standards

"An appellant seeking a discretionary stay pending appeal under Bankruptcy Rule 8005 must prove: (1) appellant is likely to succeed on the merits of the appeal; (2) appellant will suffer irreparable injury; (3) no substantial harm will come to appellee; and (4) the stay will do no harm to the public interest." Universal Life Church v. United States, 191 B.R. 433, 444 (E.D. Cal. 1995), citations omitted.  "The party moving for a stay has the burden on each of these elements." In re Shenandoah Realty Partners, L.P., 248 B.R. 505, 510 (W.D. Va. 2000). "Movant's failure to satisfy one prong of the standard for granting a stay pending appeal dooms the motion." In re Deep, 288 B.R. 27, 30 (N.D.N.Y. 2003), citations omitted; accord In re Pon, No. C-93-2745 MHP, 1994 U.S. Dist. LEXIS 2559, at *6 (N.D. Cal., February 25 1994).

Under Federal Rules of Bankruptcy 8005, "A motion for a stay of the judgment, order, or decree of a bankruptcy judge...pending appeal must ordinarily be presented to the bankruptcy judge in the first instance....A motion for such relief, or for modification or termination of relief granted by a bankruptcy judge, may be made to the district court or the bankruptcy appellate panel, but the motion shall show why the relief, modification or termination was not obtained from the bankruptcy judge."  Review of the bankruptcy judge's decision is limited.  "[A]ppellate courts are reluctant to entertain a request for stay unless it is demonstrated that the trial judge is unavailable or that the request was denied by the trial judge. Nevertheless, only in the former situation does the appellate tribunal normally exercise its own discretion; in other instances (such as where the trial court has denied the stay) the appellate court simply determines whether the trial court abused its discretion." In re Wymer, 5 B.R. 802, 807 (B.A.P. 9th Cir. 1980).  "When a

bankruptcy court has ruled on the issue of a stay of its order pending appeal, the district court, sitting as an appellate court, reviews that decision for abuse of discretion." <u>Universal Life Church v. United States</u>, 191 B.R. 433, 444 (E.D. Cal. 1995). "Discretion will be found to have been abused when the judicial action is arbitrary, fanciful or unreasonable which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion. It is equally well-established that on appeal to the district court from bankruptcy court, issues of law are reviewed de novo while the district court is constrained to accept the bankruptcy court's findings of facts unless they are clearly erroneous." <u>In re Blackwell</u>, 162 B.R. 117, 119 (E.D. Pa. 1993).

### III. Discussion

Judge Lee has already denied Appellant's motion to stay. Thus, the proper role of this court is to review Judge Lee's order on an abuse of discretion standard. In denying the motion for stay, Judge Lee stated that the subsequent dismissal of the overall bankruptcy case independently ended the automatic stay for all of Appellant's assets, including the Property: "Even if the appellate court were to reverse the Stay Relief Order, the case would remain dismissed and the stay would have terminated by operation of law upon dismissal." Bankr. Case, Doc. 89, 2:5-7. The bankruptcy case was dismissed on January 31, 2013. Under Fed. Rule Bankr. Proc. 8002, Appellant had fourteen days from entry of that order to file an appeal. No notice of appeal has been filed in the bankruptcy case; a review of the district court clerk's office files reveals no appeal either. The dismissal is final. The automatic stay in bankruptcy terminates at the time the case is dismissed. 11 U.S.C. § 362(c)(2)(B). Appellant does not address this issue in its briefing. Judge Lee's reasoning is sound. Even if the court were to find in favor of Appellant, staying the relief from automatic stay would not prevent the foreclosure as the underlying automatic stay has been ended. Appellant's appeal does not encompass the dismissal of the bankruptcy case.

## IV. Order

Appellant's motion for stay pending appeal is DENIED.

IT IS SO ORDERED.

Dated:   March 1, 2013

_____
SENIOR DISTRICT JUDGE