UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PACIFICA PARK APARTMENTS, LLC,** | CASE NO. CIV-F-13-0164 AWI |
| Appellant, | ORDER RE: APPEAL |
| v. | |
| **U.S. BANK NATIONAL ASSOCIATION,** | |
| Appellee. | |

Appellant Pacifica Park Apartments, LLC, appeals from orders of the Bankruptcy Court granting Appellee's motion for relief from automatic stay, denying Appellant's motion for authority to use cash collateral,[1] and granting Appellee's motion to dismiss the bankruptcy case.

### I.     History

Appellant Pacifica Park Apartments filed a Chapter 11 bankruptcy petition on December 6, 2012.  As part of the filing, Appellant listed as an asset an interest in the Citrus Plaza Shopping Center in Exeter, CA ("Property").  Appellee U.S. Bank National Association is a secured creditor with an interest in the Property.  Appellee made a motion for relief from the automatic stay to allow foreclosure on the Property. Bankr. Case, Doc. 21.  Appellant made a motion for authority to use cash collateral. Bankr. Case, Doc. 9. Bankruptcy Judge Richard Lee granted Appellee's motion and denied Appellant's motion on January 17, 2013. Bankr. Case, Docs. 58 and 59.  On January 31, 2013, the entire bankruptcy was dismissed. Bankr. Case, Doc. 69.

Appellant filed a notice to appeal on January 31, 2013, seeking review of two specific, limited decisions: granting relief from automatic stay and denying the use of cash collateral.

---

[1] Appellant did not address this issue in its briefings.  The court construes the issue of the order denying Appellant's motion for authority to use cash collateral to be abandoned.

Bankr. Case, Doc. 71. Appellant did not appeal the dismissal of the bankruptcy case at that time. Bankr. Case. Doc. 89, 2:4. Appellant then filed an amended notice of appeal on February 27, 2013. Bankr. Case. Doc. 91. The amended appeal restated the previously noticed appeals and added an appeal of the January 31, 2013, decision to dismiss the bankruptcy case. Bankr. Case. Doc. 91.

## II.    Standard of Review

A district court reviews de novo a bankruptcy court's conclusions of law. Paulman v. Gateway Venture Partners III, 163 F.3d 570, 575 (9th Cir. 1998). Findings of fact by the bankruptcy judge shall not be disturbed unless they are clearly erroneous. Fed. R. Bankr. Proc. 8013. "Mixed questions of law and fact are reviewed de novo. Such a question arises when the historical facts are established, the rule of law is undisputed, and the issue is whether the facts satisfy the legal rule." In re OTA, 179 B.R. 149, 155 (B.A.P. 9th Cir. 1995).

"As a general rule, [a reviewing court] will not consider an issue raised for the first time on appeal, although we have the power to do so. This circuit has recognized three exceptions to this rule: in the 'exceptional' case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process, when a new issue arises while appeal is pending because of a change in the law, or when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed. If one of the exceptions is applicable, we have discretion to address the issue." Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir. 1985), citations omitted. This general rule may apply to arguments as well. See Peterson v. Highland Music, 140 F.3d 1313, 1321 (9th Cir. 1998).

## III.    Discussion

### A. Order Dismissing the Bankruptcy Case

Appellant sought to appeal select decisions of the Bankruptcy Court by first filing a notice of appeal on January 31, 2013. Subsequently, Appellant filed an amended notice of appeal on

February 27, 2013, to include an appeal of the dismissal of the bankruptcy case.

Appellee argues that the order dismissing the case was not timely appealed and therefore this court lacks jurisdiction to decide the issue. The federal district courts have jurisdiction to hear appeals from decisions of the bankruptcy courts. 28 U.S.C. §158(a). An appeal to the district court must follow the requirements of Rule 8002 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. Proc. Rule 8001(a). Rule 8002 sets forth the requirements for timely filing a notice of appeal. "The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order." In re Mouradick, 13 F.3d 326, 327 (9th Cir. 1994). The time limits provided in Rule 8002 will be strictly construed "[b]ecause of the jurisdictional implications." See In re Souza, 795 F.2d 855, 857 (9th Cir. 1986).

Rule 8002(a) provides that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of entry of the judgment, order, or decree appealed from." Fed. R. Bankr. Proc. Rule 8002(a). An extension of the time to file is permitted by Rule 8002(c) if: (1) the request is made by written motion before the expiration of the 14 day period; or (2) the request is made by written motion within 21 days of the expiration of the 14 day period upon a showing of excusable neglect. See Fed. R. Bankr. Proc. Rule 8002(c)(2). These requirements for timely filing apply as well to amended notices of appeal. See United Computer Systems, Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (dismissing as untimely the filing of an amended appeal after the filing deadline required by Fed. R. App. P. 4(a)(1)(A)); see Fed. R. Bankr. Proc. Rule 8002 Advisory Committee's Notes (generally conforming the rule to Fed. R. App. P. 4); see also In re Burns, 322 F.3d 421, 430 (6th Cir. 2003) ("Rule 8002 applies equally to amended notices of appeal as well as notices of appeal. Like Appellate Rule 4, the text of which refers only to notices of appeal but which we have held to govern amended notices as well, Bankruptcy Rule 8002's time limit for filing notices of appeal would have little effect if parties could circumvent it by amending an

earlier notice to add parties or claims long after the proper period had expired.").

The period for appealing the January 31, 2013, dismissal order expired after 14 days, per Rule 8002(a). Appellant did not file the amended notice of appeal to include the dismissal order until February 27, 2013, well beyond the 14 day limit. Appellant also failed to file a motion for an extension of time to file within that same period or thereafter, as required by Rule 8002(c)(2). An amended notice of appeal does not constitute a motion for an extension of time. See In re Kloza, 222 Fed.Appx. 547, 550 (9th Cir. 2007). Additionally, there is nothing in the amended notice of appeal, the amended statement of issues, or any subsequent filings that indicate Appellant sought an extension of the filing period due to excusable neglect. Appellant simply filed the amended notice and amended statement of issues without anything more to adhere to the requirements of Rule 8002(c)(2). Had the amended notice of appeal been construed as a motion for extending the time of filing, which it is not, a showing of excusable neglect was also required. Appellant made no such offerings to show excusable neglect in order to extend the filing period.

Having failed to timely file an appeal from the order dismissing the bankruptcy case or to meet any of the requirements for an extension of the filing period, this court lacks jurisdiction to consider the appeal of the dismissal of the bankruptcy case. The Bankruptcy Court's decision to dismiss the case has become final.

**B.  Order Granting Relief from Automatic Stay**

The Bankruptcy Court granted Appellee's motion for relief from the automatic stay that is imposed in bankruptcy proceedings by 11 U.S.C. §362(a). Appellant contends that the lifting the automatic stay was erroneous.

Appellee argues that the Bankruptcy Court's dismissal of the underlying bankruptcy case renders the appeal of the order granting relief from automatic stay moot. "The court lacks jurisdiction to hear moot cases. If a case becomes moot while pending on appeal, it must be

4

dismissed." In re Pattullo, 271 F.3d 898, 900 (9th Cir. 2001) (citations omitted).  "[A]n appeal becomes moot when events occur that prevent an appellate court from granting effective relief even if the dispute is decided in favor of the appellant." In re Southwest Products, Inc., 144 B.R. 100, 104 (9th Cir. BAP 1992).

The underlying bankruptcy case was dismissed by the Bankruptcy Court the same day Appellant filed its notice of appeal from the order granting relief from automatic stay.  This court had jurisdiction to hear the appeal of the relief from stay order.  However, Appellant subsequently failed to timely appeal the dismissal and that order became final.  The automatic stay in bankruptcy terminates at the time the case is dismissed. 11 U.S.C. § 362(c)(2)(B).  Even if the court were to find in favor of Appellant on the issue of the order granting relief from automatic stay, the underlying automatic stay has terminated with the case itself.  No effect will be had by deciding this issue because the case will remain dismissed and the stay terminated by operation of law.  The issue of the order granting relief from stay is, therefore, moot.  See In re Scarborough, 457 Fed.Appx. 193, 196 (3rd Cir. 2012).

### IV.    Order

For the reasons set forth above, the appeal of the Bankruptcy Court's decision is DISMISSED.

IT IS SO ORDERED.

Dated:  September 20, 2013                                        
                                                SENIOR DISTRICT JUDGE